UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ANA DUENAS,

                Plaintiff,

  -against-

JANE DEFLORIO and MICHAEL DEFLORIO,

                Defendants.
-------------------------------------------------------------X

Civil Action No.:

COMPLAINT

Plaintiff, ANA DUENAS ("Plaintiff"), as and for her Complaint against Defendants, JANE DEFLORIO and MICHAEL DEFLORIO (collectively, "Defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Upon information and belief, Defendants own a private home located at 18 Buell Lane, East Hampton, New York.

2. Upon information and belief, the private home consists of a main house, a guest house, and garage apartments.

3. Plaintiff worked for Defendants as a housekeeper.

4. Plaintiff brings this lawsuit seeking to recover unpaid overtime wages and other relief related to her employment with Defendants.

## JURISDICTION AND VENUE

5. Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law ("NYLL"), Articles 6 and 19, and their respective attendant regulations.

6. Jurisdiction over Plaintiff's FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

7. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

8. Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## FACTUAL ALLEGATIONS

### Plaintiff Ana Duenas

9. Plaintiff is a resident of the State of New York.

10. Defendants employed Plaintiff as a housekeeper for their benefit and at their direction.

11. Defendants employed Plaintiff from on or about March 2022 until about October 25, 2022.

12. At all relevant times, Plaintiff was an employee of Defendants, as defined by the FLSA and the NYLL.

### Defendants Jane and Michael DeFlorio

13. Upon information and belief, Defendants are residents of the State of New York.

14. At all relevant times, Defendants owned a private home located at 18 Buell Lane, East Hampton, New York.

15. Upon information and belief, the private home consisted of a main house, a guest house, and garage apartments.

16. In March 2022, Defendants hired Plaintiff to be a housekeeper for the private home.

17. At all relevant times, Defendants managed and supervised Plaintiff and her work for them.

18. At all times relevant to this Complaint, Defendants were an employer within the meaning of the FLSA and the NYLL and, at all relevant times, employed Plaintiff.

19. At all times relevant to this Complaint, Defendants were responsible for ensuring Plaintiff was paid properly.

**Factual Allegations Pertaining Specifically to Plaintiff's Wage and Hour Claims**

20. During her employment, Defendants paid Plaintiff a set biweekly salary regardless of the number of hours that Plaintiff worked each week.

21. During her employment, Defendants did not pay Plaintiff one-and-one-half times her regular rate of pay for all hours worked in excess of forty each week.

22. During this time, Defendants did not pay Plaintiff overtime compensation for all hours worked in excess of forty each week.

23. During her employment, Plaintiff regularly worked more than forty hours a week.

24. For example, for the workweeks beginning on March 28, April 4, April 18, April 25, and May 2, 2022, Plaintiff worked five days each week from 9:00 a.m. to 7:00 p.m.

25. During these weeks, Plaintiff worked fifty hours each week but was only paid a set biweekly salary.

26. For the workweek beginning on May 23, 2022, Plaintiff worked six days and seventy-five hours.

27. During this workweek, Defendants had Plaintiff work a party over the weekend from 2:00 p.m. to 6:00 a.m.

28. Defendants, however, did not pay Plaintiff overtime compensation for all hours worked in excess of forty for this workweek.

29. There were workweeks where Plaintiff worked fifty-five hours, but was only paid a set biweekly salary.

30. For example, for the workweeks beginning on August 8 and August 15, 2022, Plaintiff worked fifty-five hours each week which included working two shifts from 9:00 a.m. to 9:00 p.m. each week.

31. Defendants, however, did not pay Plaintiff overtime compensation for all hours worked in excess of forty for these workweeks.

32. For the workweek beginning on August 29, 2022, Plaintiff worked six days and seventy hours.

33. During this workweek, Defendants had Plaintiff work a party over the weekend from 2:00 p.m. to 5:00 a.m.

34. Defendants, however, did not pay Plaintiff overtime compensation for all hours worked in excess of forty for this workweek.

35. Defendants were aware of Plaintiff's work hours but failed to pay her the proper wages to which she was entitled under the law.

36. Defendants did not provide Plaintiff with complete and accurate wage notices when she was hired, or at any time thereafter, as required by NYLL § 195(1).

37. Defendants did not provide Plaintiff with complete and accurate paystubs along with her weekly earnings, as required by NYLL § 195(3).

38. Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights.

39. Plaintiff has been damaged by such failures in an amount to be determined at trial, including without limitation unpaid overtime compensation, liquidated damages, statutory damages, interest, and attorneys' fees and costs.

### COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### 29 U.S.C. § 201 *ET SEQ.*
### FAILURE TO COMPENSATE FOR OVERTIME

40. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

41. The FLSA regulates the payment of wages by employers who employ domestic services workers in private homes.

42. Defendants are subject to the overtime pay requirements of the FLSA because they employed Plaintiff as a housekeeper in their East Hampton home.

43. At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

44. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

45. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

46. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

47. However, none of the Section 13 exemptions apply to Plaintiff because she did not meet the requirements for coverage under the exemptions during her employment.

48. Defendants acted willfully and either knew that their conduct violated the FLSA or showed a reckless disregard for the matter of whether their conduct violated the FLSA.

49. Defendants did not act in good faith with respect to the conduct alleged herein.

50. As a result of Defendants' violations of the FLSA, Plaintiff incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees, and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLES 6 AND 19
## FAILURE TO PAY OVERTIME

51. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

52. At all times relevant to this Action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

53. Under New York law, an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay, for all hours worked in excess of 40 per week in the manner and methods provided by the FLSA. 12 NYCRR §142-2.2.

54. By the above-alleged conduct, Defendants have failed to pay Plaintiff overtime compensation as required by the NYLL.

55. Plaintiff was not exempt from the overtime provisions of the NYLL because she did not meet the requirements for any of the exemptions available under New York law.

56. Defendants have acted willfully and have either known that their conduct violated the NYLL or have shown a reckless disregard for whether their conduct violated the NYLL.

57. Defendants have not acted in good faith with respect to the conduct alleged herein.

58. As a result of Defendants' violations of the NYLL, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to the NYLL.

## COUNT III
## VIOLATION OF THE NEW YORK LABOR LAW
## NYLL SECTION 195(1)
## FAILURE TO PROVIDE WAGE NOTICES

59. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

60. Defendants willfully failed to furnish Plaintiff with wage notices during her employment, including upon hiring, as required by NYLL § 195(1), in English or in the language identified by Plaintiff as her primary language, which was to contain, among other things, the rate or rates of pay and basis thereof; the regular pay day designated by Defendants as an employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and the regular hourly rates of pay and overtime rates of pay.

61. Through their knowing and intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 et seq. and the supporting Regulations.

62. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

## COUNT IV
## VIOLATION OF NEW YORK LABOR LAW
## SECTION 195(3)
## FAILURE TO PROVIDE WAGE STATEMENTS

63. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

64. Defendants willfully failed to provide Plaintiff with accurate written wage statements each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

65. Through their knowing and intentional failure to provide Plaintiff with wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting Regulations.

66. As a result of Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, along with costs and attorneys' fees as provided by NYLL § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, by and through her attorneys, The NHG Law Group, P.C., demands judgment against Defendants and in favor of Plaintiff for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Declare and find that Defendants committed one or more of the following acts:

1. Willfully violated provisions of the FLSA by failing to pay Plaintiff overtime compensation;

2. Willfully violated the provisions of the NYLL by failing to pay Plaintiff overtime compensation;

3. Willfully violated the provisions of the NYLL by failing to provide Plaintiff with complete and accurate written wage notices and statements;

B. Award compensatory damages, including all unpaid wages owed, in an amount according to proof;

C. Award liquidated damages under the NYLL or, in the alternative, the FLSA;

D. Award statutory penalties for Defendants' NYLL Section 195 record keeping violations;

E. Award interest on all unpaid wages due accruing from the date such amounts were due;

F. Award all costs and attorneys' fees incurred in prosecuting this action; and

G. Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
January 23, 2023

THE NHG LAW GROUP, P.C.

By: Justin M. Reilly, Esq.
*Attorneys for Plaintiff*
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
justin@nhglaw.com

9