UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANA DUENAS,<br><br>         Plaintiff,<br><br> -against-<br><br>JANE DEFLORIO and MICHAEL DEFLORIO,<br><br>         Defendants. | Case No.: 2:23-cv-00520-DG-AYS<br><br>**DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** |

Defendants Jane DeFlorio and Michael DeFlorio (collectively "Defendants"), by and through their undersigned attorneys, Jackson Lewis P.C., respectfully submit the following Answer and Defenses to Plaintiff's Complaint (the "Complaint") in the above-captioned action.

## AS TO "NATURE OF THE ACTION"

1. Defendants admit each allegation set forth in Paragraph "1" of Plaintiff's Complaint.

2. Defendants admit each allegation set forth in Paragraph "2" of Plaintiff's Complaint.

3. Defendants admit each allegation set forth in Paragraph "3" of Plaintiff's Complaint.

4. Defendants deny each allegation set forth in Paragraph "4" of Plaintiff's Complaint, except aver that Plaintiff claims unpaid overtime wages and other relief related to her employment with Defendants.

1

## AS TO "JURISDICTION AND VENUE"

5. Defendants deny each allegation set forth in Paragraph "5" of Plaintiff's Complaint, except aver that Plaintiff alleges violations of the Fair Labor Stands Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and the New York Labor Law ("NYLL").

6. Defendants deny each allegation set forth in Paragraph "6" of Plaintiff's Complaint, except aver that jurisdiction is proper.

7. Defendants deny each allegation set forth in Paragraph "7" of Plaintiff's Complaint, except aver that jurisdiction is proper.

8. Defendants deny each allegation set forth in Paragraph "8" of Plaintiff's Complaint, except aver that venue is proper.

## AS TO "FACTUAL ALLEGATIONS"

9. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the matters asserted in Paragraph "9" of Plaintiff's Complaint.

10. Defendants deny each allegation set forth in Paragraph "10" of Plaintiff's Complaint, except aver that at times Defendants employed Plaintiff as a housekeeper.

11. Defendants admit each allegation set forth in Paragraph "11" of Plaintiff's Complaint.

12. No response is required to the extent the allegations set forth in Paragraph "12" of Plaintiff's Complaint call for a legal conclusion. To the extent a response is required, Defendants aver that at times Defendants employed Plaintiff as a housekeeper.

13. Defendants admit each allegation set forth in Paragraph "13" of Plaintiff's Complaint.

14. Defendants admit each allegation set forth in Paragraph "14" of Plaintiff's Complaint.

15. Defendants admit each allegation set forth in Paragraph "15" of Plaintiff's Complaint.

16. Defendants admit each allegation set forth in Paragraph "16" of Plaintiff's Complaint.

17. Defendants deny each allegation set forth in Paragraph "17" of Plaintiff's Complaint.

18. No response is required to the extent the allegations set forth in Paragraph "18" of Plaintiff's Complaint call for a legal conclusion. To the extent a response is required, Defendants aver that at times Defendants employed Plaintiff as a housekeeper.

19. Defendants deny each allegation set forth in Paragraph "19" of Plaintiff's Complaint, except aver that Defendants properly paid Plaintiff for all hours worked.

20. Defendants deny each allegation set forth in Paragraph "20" of Plaintiff's Complaint.

21. Defendants deny each allegation set forth in Paragraph "21" of Plaintiff's Complaint.

22. Defendants deny each allegation set forth in Paragraph "22" of Plaintiff's Complaint.

23. Defendants deny each allegation set forth in Paragraph "23" of Plaintiff's Complaint.

24. Defendants deny each allegation set forth in Paragraph "24" of Plaintiff's Complaint.

25. Defendants deny each allegation set forth in Paragraph "25" of Plaintiff's Complaint.

26. Defendants deny each allegation set forth in Paragraph "26" of Plaintiff's Complaint.

27. Defendants deny each allegation set forth in Paragraph "27" of Plaintiff's Complaint, except aver that Plaintiff worked a party during the week at issue and was properly paid for all hours worked.

28. Defendants deny each allegation set forth in Paragraph "28" of Plaintiff's Complaint.

29. Defendants deny each allegation set forth in Paragraph "29" of Plaintiff's Complaint.

30. Defendants deny each allegation set forth in Paragraph "30" of Plaintiff's Complaint.

31. Defendants deny each allegation set forth in Paragraph "31" of Plaintiff's Complaint.

32. Defendants deny each allegation set forth in Paragraph "32" of Plaintiff's Complaint.

33. Defendants deny each allegation set forth in Paragraph "33" of Plaintiff's Complaint, except aver that Plaintiff worked a party during the week at issue and was properly paid for all hours worked.

34. Defendants deny each allegation set forth in Paragraph "34" of Plaintiff's Complaint.

35. Defendants deny each allegation set forth in Paragraph "35" of Plaintiff's Complaint.

36. Defendants deny each allegation set forth in Paragraph "36" of Plaintiff's Complaint.

37. Defendants deny each allegation set forth in Paragraph "37" of Plaintiff's Complaint.

38. Defendants deny each allegation set forth in Paragraph "38" of Plaintiff's Complaint.

39. Defendants deny each allegation set forth in Paragraph "39" of Plaintiff's Complaint.

**AS TO "COUNT I"**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT – 29 U.S.C § 201 ET SEQ.**
**(FAILURE TO COMPENSATE FOR OVERTIME)**

40. Defendants repeat and reallege each of their denials and other responses to Paragraphs "1" through "39" of Plaintiff's Complaint, as if set forth at length herein.

41. Defendants neither admit nor deny the allegations set forth in Paragraph "41" of Plaintiff's Complaint, but refer the Court to the statute referenced for a true and correct statement of its contents.

42. No response is required to the extent the allegations set forth in Paragraph "42" of Plaintiff's Complaint call for a legal conclusion. To the extent a response is required, Defendants aver that at times Defendants employed Plaintiff as a housekeeper.

43. No response is required to the extent the allegations set forth in Paragraph "43" of Plaintiff's Complaint call for a legal conclusion.

44. Defendants neither admit nor deny the allegations set forth in Paragraph "44" of Plaintiff's Complaint, but refer the Court to the statute referenced for a true and correct statement of its contents.

45. Defendants deny each allegation set forth in Paragraph "45" of Plaintiff's Complaint.

46. Defendants neither admit nor deny the allegations set forth in Paragraph "46" of Plaintiff's Complaint, but refer the Court to the statute referenced for a true and correct statement of its contents.

47. No response is required to the allegations set forth in Paragraph "47" of Plaintiff's Complaint to the extent they call for a legal conclusion. To the extent a response is required, Defendants deny each allegation contained therein.

48. Defendants deny each allegation set forth in Paragraph "48" of Plaintiff's Complaint.

49. Defendants deny each allegation set forth in Paragraph "49" of Plaintiff's Complaint.

50. Defendants deny each allegation set forth in Paragraph "50" of Plaintiff's Complaint.

**AS TO "COUNT II"**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLES 6 AND 19**
**(FAILURE TO PAY OVERTIME)**

51. Defendants repeat and reallege each of their denials and other responses to Paragraphs "1" through "50" of Plaintiff's Complaint, as if set forth at length herein.

52. No response is required to the extent the allegations set forth in Paragraph "52" of the Plaintiff's Complaint call for a legal conclusion. To the extent a response is required, Defendants aver that at times Defendants employed Plaintiff as a housekeeper.

53. No response is required to the allegations set forth in Paragraph "53" of Plaintiff's Complaint to the extent they call for a legal conclusion. To the extent a response is required, Defendants deny each allegation contained therein.

54. Defendants deny each allegation set forth in Paragraph "54" of Plaintiff's Complaint.

55. No response is required to the allegations set forth in Paragraph "55" of Plaintiff's Complaint to the extent they call for a legal conclusion. To the extent a response is required, Defendants deny each allegation contained therein.

56. Defendants deny each allegation set forth in Paragraph "56" of Plaintiff's Complaint.

57. Defendants deny each allegation set forth in Paragraph "57" of Plaintiff's Complaint.

58. Defendants deny each allegation set forth in Paragraph "58" of Plaintiff's Complaint.

**AS TO "COUNT III"**
**VIOLATION OF THE NEW YORK LABOR LAW**
**NYLL SECTION 195(1)**
**(FAILURE TO PROVIDE WAGE NOTICES)**

59. Defendants repeat and reallege each of their denials and other responses to Paragraphs "1" through "58" of Plaintiff's Complaint, as if set forth at length herein.

60. Defendants deny each allegation set forth in Paragraph "60" of Plaintiff's Complaint.

61. Defendants deny each allegation set forth in Paragraph "61" of Plaintiff's Complaint.

62. Defendants deny each allegation set forth in Paragraph "62" of Plaintiff's Complaint.

**AS TO "COUNT IV"**
**VIOLATION OF THE NEW YORK LABOR LAW**
**SECTION 195(3)**
**(FAILURE TO PROVIDE WAGE STATEMENTS)**

63. Defendants repeat and reallege each of their denials and other responses to Paragraphs "1" through "62" of Plaintiff's Complaint, as if set forth at length herein.

64. Defendants deny each allegation set forth in Paragraph "64" of Plaintiff's Complaint.

65. Defendants deny each allegation set forth in Paragraph "65" of Plaintiff's Complaint.

66. Defendants deny each allegation set forth in Paragraph "66" of Plaintiff's Complaint.

**AS TO "PRAYER FOR RELIEF"**

67. Defendants deny each set forth in the "Prayer for Relief" and Wherefore clause of Plaintiff's Complaint, including subparts (A) through (G).

**STATEMENT OF AFFIRMATIVE AND OTHER DEFENSES**

68. Defendants assert the following affirmative and other defenses without assuming any burden of production or proof that they would not otherwise have:

## AS AND FOR A FIRST DEFENSE

69. Plaintiff's Complaint, in whole or in part, should be dismissed for failure to state a claim upon which relief can be granted.

## AS AND FOR A SECOND DEFENSE

70. Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, estoppel, waiver and/or other equitable defenses.

## AS AND FOR A THIRD DEFENSE

71. Plaintiff is not entitled to equitable relief insofar as she has an adequate remedy at law.

## AS AND FOR A FOURTH DEFENSE

72. Plaintiff's claims pursuant to New York Labor Law § 195 are barred because, to the extent Plaintiff did not receive all required wage notices and/or wage statements pursuant to that law, Defendants reasonably believed in good faith that they were not required to provide further notice or statements pursuant to the law.

## AS AND FOR A FIFTH DEFENSE

73. Plaintiff was provided all wage notices and wage statements required by New York Labor Law § 195, and even if Plaintiff was not provided a proper wage notice or wage statement required by that section, Plaintiff's claims are barred because Defendants made complete and timely payment of all wages due to Plaintiff under the New York Labor Law.

## AS AND FOR A SIXTH DEFENSE

74. At all times relevant hereto, Defendants acted in good faith, with reasonable grounds for believing that Plaintiff was paid in compliance with the minimum wage requirements

under federal and state law, and did not violate any rights which may be secured to Plaintiff under law, rule or regulation and *inter alia* are not liable for liquidated damages.

## AS AND FOR A SEVENTH DEFENSE

75. Payments to Plaintiff were made in good faith and in conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the United States Department of Labor and/or New York State Department of Labor.

## AS AND FOR AN EIGHTH DEFENSE

76. Plaintiff cannot establish a willful violation under any state wage and hour law.

## AS AND FOR A NINTH DEFENSE

77. Plaintiff's claims for damages are barred or limited by Defendants' good faith efforts to comply with applicable law.

## AS AND FOR A TENTH DEFENSE

78. Plaintiff's claims are barred in whole or in part to the extent that the work performed falls within exemptions, exclusions, exceptions, or credits set forth in the law.

79. In addition to the foregoing defenses, Defendants retain the right to amend their Answer to raise additional affirmative defenses and other defenses or pursue any available counterclaims against Plaintiff as those claims become known during this litigation.

**WHEREFORE**, Defendants respectfully request that the Court:

(a) dismiss the Complaint in its entirety, with prejudice;

(b) deny each demand and prayer for relief contained in the Complaint;

(c) award Defendants reasonable attorneys' fees and costs, incurred in defending against this action; and

(d) grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

JACKSON LEWIS P.C.
666 Third Avenue
New York, New York 10017
(212) 545-4000

Dated: March 16, 2023  By: _____
New York, New York  Jason A. Zoldessy

ATTORNEYS FOR DEFENDANTS

4883-6121-7879, v. 1

11